Filed 8/26/13  Regency Centers v. Ivener CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| REGENCY CENTERS, L.P.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>HELEN IVENER et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B247703<br>(Super. Ct. No. 56-2012-421791-CU-BC-VTA)<br>(Ventura County) |

Regency Centers, L.P. appeals from a judgment of dismissal entered in favor of defendants Helen Ivener and Robert Ivener after the trial court sustained, without leave to amend, a demurrer to appellant's complaint for breach of a shopping center lease. The trial court sustained the demurrer on the ground that the action was time barred. (Code Civ. Proc., § 337.2.)  We affirm.

*Facts & Procedural History*

This is an action to collect rent from Helen Ivener and Robert Ivener after a successor tenant, Soung Black Na, defaulted on a shopping center lease and vacated the premises. The lease dates back to 1991 and was modified and assigned as follows:

In 1991, Denis Dutton and Judith Dutton dba TCBY (The Country's Best Yogurt) entered into a written contract to lease the property from January 1, 1992 to January 1, 1997. Dutton exercised an option to extend the lease another five years (from January 1, 1997 to January 1, 2002) and assigned the lease to Ivener in 1999.

On March 14, 2001, appellant and Ivener modified the lease ("Third Modification To Lease Agreement"), extending the lease term from January 1, 2002 to December 31, 2007. Paragraph 2 of the modified lease stated, "[t]here are no options to extend remaining."

Paragraph 4 of the modified lease states: "Tenant shall have the option(s) to extend the Lease Term for one (1) additional period of five (5) years" providing "Tenant has not assigned or sublet the Premises . . . ." In order to exercise the option, Ivener had to give appellant written notice within 180 days of the lease expiration date and appellant had to give written notice of the proposed "Minimum Guaranteed Rental paid by Tenant during the calendar month immediately preceding the commencement of the Option Period." Paragraph 4 provides that the option is not exercised until Ivener accepts in writing the proposed Minimum Guaranteed Rental rate, at which time "the parties shall immediately execute an amendment to this Lease setting forth the new Minimum Guaranteed Rental rate for the Option Period."

Ivener did not exercise the option but did assign the lease to a new tenant. On February 14, 2002, appellant consented to Ivener's assignment of the modified lease to Hyunsuk Cha. On November 25, 2004, Cha assigned the modified lease to Soung Back Na.

After Na filed a bankruptcy petition, appellant sued Ivener and Cha for $300,000 rent and damages.[1] The complaint alleged that Na exercised an option to extend the lease in May 2006, and defaulted on the rent and vacated the premises on some unspecified date.

---

[1] We grant Ivener's request for judicial notice that appellant filed a prior action against Cha and Ivener (named as Doe defendants) which was dismissed without prejudice on or about March 5, 2012. (*Regency Centers, L.P. v. Hyunsuk Cha et al.,* Ventura Super. Ct*.,* Case No. 56-2011-00397521-CU-BC-SIM.) (Evid,. Code § 452, subd. (d); 459, subd. (a).)

Ivener filed a demurrer on the ground that the action was time barred. (Code Civ. Proc., § 337.2.) The trial court sustained the demurrer without leave to amend and denied appellant's motion for reconsideration/leave to amend the complaint.

*Non-Assignable Option to Extend Lease Term*

On review, we determine whether the modified lease is reasonably susceptible to the meaning ascribed in the complaint, i.e., that Na's exercise of the option to extend the lease term was binding on Ivener. (See e.g., *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1384-1385.) Appellant argues that a tenant (Ivener) remains liable to the landlord if the tenant assigns the lease to a third party. (See *Meredith v. Dardarian* (1978) 83 Cal.App.3d 248, 252.) The tenant's contractual obligation to pay rent continues for the duration of the lease term even where the assignee assumes the lease obligations and the landlord consents to the assignment. (*Ibid*.)

A landlord may, however, restrict the assignment of all or any part of the tenant's interest in the lease. (Civ. Code, §§ 1995.020, 1995.240; 7 Starr & Miller, Cal. Real Estate (3d ed 2011) § 19:70, pp. 197-200; *Carma Developers* (*Cal.*)*, Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 368.) That is the case here. Several restrictions are set forth in the modified lease which is attached to the complaint. " 'For purposes of a demurrer, we accept as true both facts alleged in the text of the complaint and facts appearing in exhibits attached to it. If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence. [Citation.]' [Citation.]" (*Duncan v. McCaffrey Group, Inc.* (2011) 200 Cal.App.4th 346, 360.)

Paragraph 4 of the modified lease states that the option to extend the lease term may not be exercised if Ivener assigns the lease. Although the complaint alleges that Na exercised the option "in or about May 2006," paragraph 4 of the modified lease prohibits Ivener or anyone else from exercising the option after the lease is assigned. Ivener's assignee (Cha) and those taking under the assignment (Na) acquired no greater right than what was assigned. (See *Childs Real Estate Co. v. Shelburne Realty Co.* (1943) 23 Cal.2d 263, 267 [assignee "stands in the shoes" of the assignor and acquires no

3

rights greater than those possessed by the assignor].) Thus, the trial court reasonably concluded that Na's exercise of the option did not render Ivener liable for rent accruing after the lease expired on December 31, 2007. (See Civ. Code, §§ 1995.020, subd. (e); 1995.230; *Spaulding v. Yovino-Young* (1947) 30 Cal.2d 138, 142-143; 12 Witkin, Summary of Cal. Law (10th ed. 2005) Real Property, § 555, pp. 637-638.)

*Four-Year Statute of Limitations*

Section 337.2 provides that an action for breach of a real property lease must be brought no later "than four years after the breach of the lease and abandonment of the property, or more than four years after the termination of the right of the lessee to possession of the property, whichever is the earlier time." Although the complaint does not state when Na breached the lease, the latest possible date was December 31, 2007, the day the lease expired. Appellant's compliant was filed August 2, 2012, well beyond the four-year limitations period. The trial court correctly found that the action was time barred.

*Motion for Reconsideration*

Appellant argues that the trial court abused its discretion in not granting the motion for reconsideration based on "new or different facts, circumstances, or law . . . ." (Code Civ. Proc., § 1008, subd. (a).) The minute order on the demurrer states that the option to extend the lease term is a "personal right" and may not be transferred.[2] Appellant asserts that it was not provided the opportunity to brief or address the *ratio decidendi* for the trial court's ruling. We reject the argument because the trial court's characterization of the option as a "personal right" was a shorthand way of saying that the right to exercise the option is non-assignable. (Civ. Code, §§ 1995.020, subd. (e);

_____

[2] The minute order states that the modified lease "include[s] a provision for an option to extend the lease for an additional five year period, provided th[e] tenant has not assigned or sublet the lease. Such a provision on its face makes the option 'personal', and prevents the transfer of the option to the assignee as part of the lease. Plaintiff has alleged that the Iveners . . . assigned the lease to Defendant Cha. Thus, it appears to the Court that the lease term agreed to by the Iveners expired December 31, 2007, and with that expiration, they had no further liability under the lease."

4

1995.230.)  The privity of contract, assignment, and *Meredith v. Dardarian*, *supra,* 83 Cal.App.3d 248 issues were briefed by the parties before the hearing on the demurrer. Appellant's opposition papers stated that "even though the option was exercised by . . . Ivenor's remote assignee, . . . is was part of the lease they assigned, [and] they remain liable for a breach during the option term."  The trial court, in sustaining the demurrer, reasonably concluded that the allegations in the complaint do not trump the option restrictions set forth in the modified lease.  (Civ. Code, §§ 1643-1645.)  Appellant's motion for reconsideration was groundless and properly denied.

*Leave to Amend*

Appellant asserts that the complaint can be amended to allege that the option restriction was waived.  Citing *Jeffrey Kavin, Inc. v. Frye* (2012) 204 Cal.App.4th 35, appellant argues that an option to extend the lease term may be exercised by the lessor's conduct.  In *Jeffrey Kavin, Inc.,* four tenants leased a store pursuant to a three-year sublease that had an option to extend the lease term.  (*Id.*, at p. 38.)  After the lease expired, one of the tenants held over and gave notice that she was exercising the option to extend the lease term.  (*Id.*, at p. 39.)  The Court of Appeal concluded that payment of rent by the holdover tenant did not render the three other tenants liable based on the theory that the option was exercised by the holdover tenant's conduct.  (*Id.*, at pp. 49-50.) "[T]he lease provided that lessees must provide written notice of the exercise of the option to extend the lease, and as stated *ante*, lessor[s] did not waive that requirement." (*Id.*, at p. 50.)

Here the modified lease provides that the option to extend the lease term may not be exercised if Ivener assigns the lease.  Paragraph 4 provides that, in order to exercise the option, Ivener must accept in writing the proposed Minimum Guaranteed Rental rate set by appellant.  The option restriction benefits appellant because the value of the lease changes if the lease is assigned and the lease term is extended.  The original and modified lease grant appellant the power to veto a lease assignment or a subtenant's

5

exercise of the option to extend the lease term.[3] " 'Where an option to extend or renew a lease is not automatically binding on the lessor at the election of the lessee, the lessee has been held not liable on his covenant to pay rent after renewal by his assignee. . . .' [Citation.]"  (*Meredith v. Dardarian, supra,* 83 Cal.App.3d at p. 255.)

The same principle applies here.  Appellant has failed to show that the complaint can be amended to allege that Ivener waived the option restrictions or that the action is not barred by the four year statute of limitations.  (*Blank v. Kirwin* (1985) 39 Cal.3d 311, 318.)

The judgment (order sustaining demurrer without leave to amend) is affirmed.  Ivener is awarded costs on appeal and reasonable attorney fees in an amount to be determined by the trial court.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

---

[3] Paragraph 19 of the original lease to the Duttons, which was assigned to Ivener, states that appellant may refuse to consent to an assignment if, "in the Landlord's reasonable business judgment . . . the financial worth of the proposed new tenant is less than the financial worth, as of the date hereof, of Tenant or Tenant and Tenant's Guarantor, as the case may be."

Fred Bysshe, Judge

Superior Court County of Ventura

_____


Ernie Zachary Park; Bewley, Lassleben & Miller, for Appellant.


Adolfo B. Garber, for Respondents.